DECISION AND JUDGMENT ENTRY
This is an accelerated appeal of a judgment of the Lucas County Court of Common Pleas, Probate Division, finding that appellees, Susan B. and Roy B. III, could adopt Lindsey Ann B. without the consent of appellant, Michelle Lynne W., Lindsey's natural mother.
On January 19, 1999, appellees filed a petition asking that Susan be allowed to adopt Lindsey, the six-year-old daughter of her husband, Roy B. III. Appellees' petition, filed pursuant to R.C. 3107.06(B) and 3107.07(A), alleged that the adoption should take place without Michelle's consent, due to her lack of communication with or support of her child in the preceding year. Appellant filed objections to the adoption petition and was appointed an attorney by the probate court.
At the hearing on this matter, the main issue before the court involving non-communication was whether interference with communications between appellant and her daughter was justifiable cause for appellant's cessation of any attempt to communicate with Lindsey during the relevant period. In reaching its decision, the probate court apparently considered only evidence offered as to communication in the immediately preceding year. As a result, the court determined that appellees could not interfere with such communication when appellant voluntarily made no attempt to communicate with her child. Thus, the court concluded that the failure to communicate was not predicated upon justifiable cause, and appellant's consent was not necessary to the adoption. While the probate judge determined that appellant failed to pay any child support for the year preceding the filing of the adoption petition, he also found that, due to a consent agreement stating that appellant was not responsible for any support for her child, the failure to pay was based upon justifiable cause.
Appellant does not set forth an "Assignment of Error," she does, however, present the following issue for our review:
 "THE TRIAL COURT'S FINDING THAT THE CONSENT OF MICHELLE W * * * (NATURAL MOTHER OF LINDSEY ANN B * * *) IS NOT REQUIRED DUE TO HER FAILURE TO COMMUNICATE DURING THE ONE YEAR PERIOD PRIOR TO THE FILING OF THE WITHIN ADOPTION PETITION IS NOT SUPPORTED BY AND IN FACT IS CONTRARY TO THE EVIDENCE THAT WAS PRESENTED, AND THUS SAID FINDING SHOULD BE REVERSED."
Lindsey was born on March 13, 1993 and has been in the care of her father since her birth. In a 1994 consent judgment entry, Roy was awarded custody of Lindsey, but he agreed not to request child support at that point in time. Michelle was allowed companionship and visitation rights with Lindsey pursuant to the court's visitation schedule. Due to her alcohol and cocaine addiction, Michelle's exercise of her right of visitation was, at best, sporadic. Sometime during this period, and due to appellant's substance abuse, Michelle's older child was removed from the home and placed in foster care. In December 1995, appellant went to her caseworker's residence in order to discover the names of her older child's foster parent(s). She threatened the caseworker with a gun and tied him or her up. Appellant then went to the foster home, threatened the foster parent with the gun and abducted her older child. Because of this incident appellant was arrested, convicted and incarcerated. Her earliest year of release is 2009.
Roy and Lindsey lived with his parents for approximately three years following Lindsey's birth. It is undisputed that appellant knew the address and telephone number of the parents' home; however, Roy's mother admitted that, in the event that appellant did call her or send mail to her residence, she would refuse receipt of the same. It is also undisputed that Roy and Susan have an unlisted telephone number at their current residence and never informed Michelle of the address of that residence. According to Roy and Susan, Michelle had an unidentified accomplice in the abduction of her older daughter, and they feared that this person might attempt to kidnap Lindsey. When asked whether he wanted Lindsey to have any contact with her mother at this point in time, Roy replied, "Not really."
Nonetheless, from August 1, 1992 until August 31, 1998, Roy maintained a post office box. He offered four letters and two cards, addressed to Lindsey or Roy or Roy and Susan, that appellant sent to that post office box. The first letter is postmarked November 18, 1996 and the last is postmarked January 9, 1998. Roy said that he closed the post office box only after eight months of not receiving any mail from Michelle. In his testimony, Roy stated that he showed the letters/cards sent to Lindsey and said that they were from "Mom." He agreed that this gave his daughter the impression that the letters/cards were from Susan, the person Lindsey considered to be her "mom."
Appellant admitted that she "gave up" after sending the January 9, 1998 letter because Roy/Lindsey never replied. Appellant conceded, however, that any mail sent to the post office box was never returned to her or refused. In addition, Michelle knew Roy's place of employment and its address/telephone number, and she communicated frequently with her brother, who could have helped contact Lindsey.
In her sole assignment of error, appellant contends that there was justifiable cause for her failure to communicate with Lindsey because Roy and his family thwarted and impeded her attempts to communicate with her daughter.
A stepparent's petition to adopt a minor child will only be granted when that child's natural parents execute written consents to that adoption. R.C. 3107.06. If a natural parent refuses to grant that consent, the court must determine if that consent is unnecessary. R.C. 3107.07; In re Adoption of Jorgensen
(1986), 33 Ohio App.3d 207. Under R.C. 3107.07(A), the consent of the natural parent is unnecessary if the petitioner proves, by clear and convincing evidence that (1) the natural parent has failed either to support or communicate with the child for the one year period immediately preceding the filing of the petition or placement in the petitioner's home, and (2) the failure was without justifiable cause. In re Adoption of Bovett (1987),33 Ohio St.3d 102, paragraph one of the syllabus; In re Adoption ofHolcomb (1985), 18 Ohio St.3d 361, paragraph four of the syllabus. To render consent unnecessary, the evidence must establish a complete absence of communication or support for the statutory period. In re Holcomb, 18 Ohio St.3d at paragraph two of the syllabus; In re Adoption of Lay (1986), 25 Ohio St.3d 41, 42.
Once a petitioner establishes, by clear and convincing evidence, that a natural parent has failed to support or communicate with a child for the requisite one year period, the burden of going forward with the evidence shifts to the natural parent to show some facially justifiable cause for the failure. The burden of proof remains with the petitioner. In re Adoptionof Peters (Sept. 5, 2000), Warren App. No. CA2000-03-027, unreported; Filhour v. Filhour (July 2, 1997), Stark App. No. 1996CA00375, unreported, quoting In re Adoption of Bovett, 33 Ohio St.3d at paragraph two of the syllabus. "In examining whether the parent's failure was justified, the court is not restricted to focusing only on events occurring during the statutory one-year period. The court must also examine preceding events having any bearing on the parent's failure to communicate with his child."In re Adoption of Lauck (1992), 82 Ohio App.3d 348, 353 (Citation omitted.). See, also, In re Adoption of Peters, supra. The determination of whether justifiable cause exists in a particular case is a question of fact for the trial court which will not be disturbed on appeal as long as it is supported by clear and convincing evidence. Holcomb, 18 Ohio St.3d at paragraph three of the syllabus; In re Adoption of Jordan (1991), 72 Ohio App.3d 638,644.
In the present case, the uncontroverted evidence demonstrates Michelle failed to communicate with her daughter between January 19, 1998 and January 19, 1999. Appellant asserts, however, that she had justifiable cause not to communicate with Lindsey during the relevant period due to the interference of appellees and Roy's mother prior to that time. Only significant
interference by the custodial parent with the communication between the noncustodial parent and her child, or the significant discouragement of such communication, constitutes justifiable cause for a failure to communicate. In re Adoption of Holcomb, 18 Ohio St.3d at paragraph three of the syllabus. Keeping in mind that this is a factual determination by the trial court, we must conclude that clear and convincing evidence was offered to show that appellant did not have a justifiable cause to discontinue communication with her child.
A review of the record reveals no evidence of asignificant interference with the communication between Michelle and Lindsey. That is, Roy took no affirmative action to prevent communication between Michelle and Lindsey prior to January 19, 1998. Prior to her incarceration, attempts were made to provide visitation and companionship between the Michelle and Lindsey. Subsequently, and after he moved from his parents' home, Roy maintained a mailing address known to Michelle, an address to which she did mail letters and cards to Lindsey. Moreover, even after he closed the post office box, other avenues of communication, such as Roy's place of employment, were available to appellant. Michelle knew the address of the fire station where Roy works as a paramedic and, prior to her incarceration, made telephone calls to that location. In sum, in cases such as this one, inaction on the part of a custodial parent is not, in and of itself, justifiable cause. Consequently, even though we find that the probate court erred in confining its examination of the facts to the period between January 19, 1998 and January 19, 1999, we conclude that its judgment is supported by clear and convincing evidence. Accordingly, appellant's sole "assignment of error" is found not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Probate Division, is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.