In re The ADOPTION OF A.J.Y.

2010-Ohio-5726.]

Court of Common Pleas of Ohio,
Probate Division, Trumbull County.

No. 2010 ADP 29.

Decided Sept. 16, 2010.

Timothy George, for petitioner, W.R.Y.

John Chaney III, for natural father, M.P.

Natural mother, C.A.Y., pro se.

———————

SWIFT, Judge.

■ {¶ 1} This matter came before the court on natural father M.P.'s objections to W.R.Y.'s petition for the adoption of A.J.Y., a minor. Appearing before the court were petitioner, W.R.Y.; natural mother, C.A.Y.; Timothy George, on behalf of W.R.Y.; natural father, M.P.; and John Chaney III, on behalf of M.P.

{¶ 2} The court finds that W.R.Y. has filed a petition for the adoption of A.J.Y., alleging that the consent of the natural father is not necessary pursuant to R.C. 3107.07(A). The court further finds that the natural father filed objections to the petition on the basis that his failure to communicate with the child was a result of the natural mother's interference, namely her failure to keep him apprised of the child's whereabouts as required by R.C. 3109.051(G)(1). The court further finds that counsel for both petitioner and the natural father have filed briefs regarding the application of R.C. 3109.051(G)(1) to the father's justification for his failure to communicate with the child.

{¶ 3} The court finds that the natural mother is the residential parent of the minor child as per the divorce decree of May 25, 2001. The court further finds that the natural father was granted companionship with the minor child in excess of the standard order of companionship. The court further finds that immediately subsequent to the divorce, the natural father exercised his companionship rights and enjoyed a relationship with the child. The court further finds that the companionship broke down approximately nine years ago due to issues regarding the pick-up and drop-off of the child. The court further finds that the natural mother admitted that she stopped going to the exchange location at the Brookfield Police Department after only a couple of exchanges and has not been there in the past nine years. The natural father admits that there has been no communication with the minor in the past nine years.

{¶ 4} The court finds that since the divorce, the natural mother has used four different names and has moved multiple times, including a move out of state in 2002 to Tennessee. The court further finds that at no time did the natural mother file a notice of intent to relocate with the Trumbull County Domestic Court as required by R.C. 3109.051(G)(1). The natural mother argues that her failure to file the notice of intent to relocate is not justifiable cause for the natural father's failure to communicate with the minor, contending that "at any time [the]

natural father could have petitioned the domestic court to modify his visitation schedule."

{¶ 5} Pursuant to R.C. 3107.07(A), the consent of a parent to adoption is not required when that parent has failed without justifiable cause to provide more than de minimis contact with the minor for a period of at least one year immediately preceding the filing of the adoption petition. The petitioner has the burden of proving, by clear and convincing evidence, that the parent failed to communicate with the child during the one-year period and that there was no justifiable cause for the failure of the communication. *In re Adoption of Bovett* (1987), 33 Ohio St.3d 102, 515 N.E.2d 919; R.C. 3107.07(A). The nonconsenting parent does have the burden of going forward with evidence to show some facially justifiable cause for the failure; however, the ultimate burden of proof remains with the petitioner. Id. R.C. 3107.07 must be strictly construed so as to protect the rights of natural parents to raise and nurture their children, since adoption severs completely the relationship between the children and their natural noncustodial parent. *In re Adoption of Hupp* (1982), 9 Ohio App.3d 128, 9 OBR 192, 458 N.E.2d 878.

{¶ 6} The standard of proof to establish justifiable cause for the noncustodial parent's failure to communicate with the child is "[s]ignificant interference by a custodial parent with communication between the non-custodial parent and the child, or significant discouragement of such communication." *In re Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 18 OBR 419, 481 N.E.2d 613, paragraph three of the syllabus. "Issues regarding failure of communication and lack of justifiable cause are questions of fact for the probate court." Id. at 368, 18 OBR 419, 481 N.E.2d 613. In examining whether the parent's failure was justified, the court is not restricted to focusing only on events occurring during the statutory one-year period. The court must also examine preceding events having any bearing on the parent's failure to communicate with his child. *In re Adoption of Lauck* (1992), 82 Ohio App.3d 348, 353, 612 N.E.2d 459.

{¶ 7} Courts have held that "where a custodial parent has, through her own substantial efforts, deprived the non-custodial parent of the opportunity of enjoying a meaningful relationship with his child and further has actively interfered with his attempts, however meager, to provide support and maintenance to the child, the law should not further reward her discordant efforts by countenancing a termination of the non-custodian's parental rights in a non-consensual adoption proceeding." *In re Adoption of Hupp,* 9 Ohio App.3d 128, 131, 9 OBR 192, 458 N.E.2d 878, citing *In re Lindley* (Mar. 20, 1980), Cuyahoga App No. 40333, 1980 WL 354495, at *6.

{¶ 8} R.C. 3109.051(G)(1) provides: "[I]f the residential parent intends to move to a residence other than the residence specified in the visitation order or decree of the court, the parent *shall* file a Notice of Intent to Relocate with the court that issued the order or decree. Except as provided in divisions (G)(2), (3), and (4) of this section, the court shall send a copy of the notice to the parent who is not the residential parent. Upon receipt of the notice, the court, on its own motion or the motion of the parent who is not the residential parent, may schedule a hearing with notice to both parents to determine whether it is in the best interest of the child to revise the visitation schedule for the child." (Emphasis added.)

{¶ 9} R.C. 3109.051(G)(1) imparts on the residential parent the obligation to send a notice to the court so that the court, in turn, can send a copy of the notice to the nonresidential parent. "The purpose of requiring the custodial parent to give notice of the intent to relocate is to provide the court and the noncustodial parent the opportunity to schedule a hearing 'to determine whether it is in the best interest of the child to revise the parenting time schedule for the child.'" *In re Seitz,* 11th Dist. No. 2002–T–0097, 2003-Ohio-5218, ¶ 21; R.C. 3109.051(G)(1).

{¶ 10} In the present case, the court found that in the past nine years, the natural mother relocated with the child on multiple occasions, including a relocation out of state for a period of several years, and each time, she failed to file a notice of intent to relocate. As a result of her failure to file the notices, the natural father was not afforded the opportunity to schedule a hearing to revise the parenting-time schedule to adapt to the change in the residence. The court finds that the natural mother's relocations, coupled with her failure to file the notices and her use of four different surnames during that period, caused significant interference with communication between the noncustodial parent and the child or significant discouragement of that communication.

{¶ 11} Therefore, it is ordered that the natural father M.P.'s consent to the adoption of the minor A.J.Y. is required. It is further ordered that without the consent of the natural father, the petition for the adoption of A.J.Y. is hereby denied.

{¶ 12} All until further order of the court.

So ordered.