[Cite as *In re Adoption of Z.D.K.*, 2011-Ohio-4079.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN THE MATTER OF THE | : | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| ADOPTION OF: Z.D.K | : | Hon. John W. Wise, J. |
| IN THE MATTER OF THE NAME | : | Hon. Julie A. Edwards, J. |
| CHANGE OF: Z.D.K. | : |  |
|  | : |  |
|  | : | Case No. 2011-CA-00062 |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
                             Common Pleas, Probate Division, Case
                             Nos. 209395 and 208692


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      August 15, 2011


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

DOUGLAS D. JONES                      ANDY A. GINELLA
2867 Sharonwood Avenue N.W.           4096 Holiday Street N.W.
Canton, OH  44708                     Canton, OH  44718


                                      JOHN L. JUERGENSEN
                                      Washington Square Office Park
                                      6545 Market Avenue North
                                      North Canton, OH  44721

*Gwin, P.J.*

{¶1} Appellant S.M. appeals a judgment of the Court of Common Pleas, Probate Division, of Stark County, Ohio, which found his consent was not necessary for petitioner-appellee J.M.K. to adopt his minor son, Z.D.M., now known as Z.D.K., and to change the child's surname to that of his adoptive father. Appellant assigns three errors to the trial court:

{¶2} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT APPELLANT, S. M. FAILED, WITHOUT JUSTIFIABLE CAUSE, TO PROVIDE MORE THAN DE MINIMIS CONTACT WITH THE MINOR CHILD, Z. K. FOR A PERIOD OF AT LEAST ONE YEAR IMMEDIATELY PRECEDING THE FILING OF THE ADOPTION PETITION.

{¶3} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT APPELLANT, S. M. FAILED TO PROVIDE FOR THE MAINTENANCE AND SUPPORT OF THE MINOR CHILD, Z. K. FOR A PERIOD OF AT LEAST ONE YEAR IMMEDIATELY PRECEDING THE FILING OF THE ADOPTION PETITION.

{¶4} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE NAME CHANGE WAS IN THE BEST INTERESTS OF THE MINOR CHILD, Z. K."

{¶5} R.C. 3107.07 states in pertinent part:

{¶6} "Consent to adoption is not required of any of the following:

{¶7} "(A) A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis

contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

I.

{¶8}   In his first assignment of error, appellant argues the court erred as a matter of law in finding he had failed to maintain more than a de minimis contact with the child without justifiable cause for a period of at least one year preceding the filing of the adoption petition.  We do not agree.

{¶9}   The trial court found mother testified the child had never received any letters, birthday cards or gifts from appellant and that she did not return any letters he may have sent to the child.  Mother admitted appellant had sent letters to her, but the letters were not addressed to the child, and did not directly concern him.  Mother admitted she did not want communication between appellant and the child, although she allowed appellant's parents an occasional visitation.  She testified she did not know whether the child had spoken with appellant while he was with the paternal grandparents.  The family moved in March of 2008 and did not provide appellant with a forwarding address, and mother had obtained a civil protection order against appellant that included the child as a protected person.

{¶10} Appellant testified that he had written to the child in August and September of 2010, which was after the petition to adopt was filed.  Appellant testified he had spoken on the phone with the child when the child was at the paternal grandparents' home. Appellant admitted this contact had not occurred for approximately

the past two years.  Appellant testified he only learned of the family's address when mother filed the application to change the child's name.

{¶11} In October 2010, appellant filed a motion for visitation in the Stark County Common Pleas Court, Domestic Relations Division. He testified it was his understanding he was entitled to do so pursuant to the divorce decree.

{¶12} Appellant correctly states that there is a fundamental liberty interest of parents to make decisions concerning the care, custody and control of their children. *In Re: Adoption of Masa* (1986), 23 Ohio St. 3d 163, 492 N.E.2d 140, citing *Santosky v. Kramer* (1982), 455 U.S. 745,. 753, 102 S.Ct. 1388, 71 L.Ed. 2d 599 and *In re: Baby Girl Baxter* (1985), 17 Ohio St.3d 229, 479 N.E.2d 257

{¶13}   Any exception to the requirement of parental consent must be strictly construed so as to protect the right of the natural parents to raise and nurture their children.  *In Re: Adoption of Schoeppner* (1976), 46 Ohio St. 2d. 21, 345 N.E.2d 608.

{¶14} The petitioner for adoption has burden of proving by clear and convincing evidence that the natural parent has failed to provide support or maintain more than de minimis contact with the child for at least a one year period prior to the filing of the petition, and also must prove the failure was without justifiable cause.  *In Re: Adoption of Bovett* (1987), 33 Ohio St. 3d 102, 515 N.E.2d  919.  If the petitioner meets his burden of proof, then the natural parent has the burden of going forward with evidence to show some justifiable cause for his or her failure to support or contact the child. However, the burden of proof never shifts from the petitioner.  Id.

{¶15} In *Cross v. Ledford* (1954), 161 Ohio St. 469, 120 N.E.2d 118, the Ohio Supreme Court explained that clear and convincing evidence is more than a

preponderance of the evidence but does not rise to the level of beyond a reasonable doubt as required in criminal cases. It must produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. *Cross,* syllabus by the court, paragraph three.

**{¶16}** One instance of justifiable cause for failure of communication is the significant interference or significant discouragement of communication by a custodial parent. *In Re: Adoption of: Holcomb* (1985), 18 Ohio St. 3d 361, 481 N.E.2d 613. The trial court noted a probate court may examine any preceding events that may have a bearing on the parent's failure to communicate with the child, and the court is not restricted to focusing solely on events occurring during the statutory one year period. *In re: Adoption of Lauck* (1992), 82 Ohio App. 3d 348, 612 N.E.2d 459.

**{¶17}** Appellant urges mother's statement that she did not want any communication between the child and appellant indicates significant interference or discouragement. Appellant argues mother admitted she did not provide him with the family's mailing address, and he suggests she refused and returned mail addressed to the child once appellant had discovered the address. The record shows the petitioner-appellee testified he was the one who retrieved the mail and he was aware of only one letter from appellant to mother.

**{¶18}** Both mother and appellee testified they would have accepted and allowed the child to read any letters appellant had sent him.

**{¶19}** Appellant concludes his consent to the adoption was required because his inability to have more than de minimis contact with the child was justified because of mother's interference with his attempts to reach the child.

{¶20} The trial court, as the trier of fact here, determines the weight and credibility of the evidence. *Seasons Coal Company, Inc. v. City of Cleveland* (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273. We may not substitute our judgment for that of the trier of fact. *Pons v. Ohio State Medical Board* (1993), 66 Ohio St.3d 619, 614 N.E.2d 748.. Here, the trial court believed the testimony of mother and appellee that appellant did not send letters to the child during the one year period prior to the filing of the adoption petition, and if appellant had, they would have permitted the child to read the letters. From this the trial court could conclude appellant had failed to maintain more than de minimus contact with the child for a period of at least one year immediately preceding the filing of the petition, and such failure was unjustified.

{¶21} The first assignment of error is overruled.

II

{¶22} In his second assignment of error, appellant argues the trial court erred as a matter of law in finding he had failed to provide for the maintenance and support of the child for a period of at least one year immediately preceding the filing of the adoption petition. Because R.C. 3107.07(A) is written in the disjunctive, either a failure to communicate or a failure to support during the one-year time period is sufficient to obviate the need for a parent's consent. *In re: Adoption of McDermitt* (1980), 63 Ohio St.2d 301, 304, 408 N.E.2d 680.

{¶23} Because we find the trial court did not err in finding appellant had failed without justification to communicate with the child,I, supra., we find this issue is moot, and accordingly, we overrule it.

III

**{¶24}** In his third assignment of error, appellant challenges the court's finding it was in the best interest of the child to change his surname to that of the step-father.

**{¶25}** Appellant has conceded if we find the court was correct  in finding his consent to the adoption was not required, then this assignment of error is moot.  We agree.

**{¶26}** The third assignment of error is overruled as moot.

**{¶27}** For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, of Stark County, Ohio, is affirmed.

By Gwin, P.J.,

Wise, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS

WSG:clw 0714

[Cite as *In re Adoption of Z.D.K.*, 2011-Ohio-4079.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN THE MATTEROF
THE ADOPTION OF: Z.D. K.
IN THE MATTER OF:
THE NAME CHANGE OF Z.D.K.     :
     :
     :
     :
     :
     :
     :     JUDGMENT ENTRY
     :
     :
     :
     :     CASE NO. 2011-CA-00062

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Probate Division, of Stark County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS