[Cite as *In re Adoption of S.T.M*, 2023-Ohio-38.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| | JUDGES: |
| IN THE MATTER OF | Hon. John W. Wise, P.J. |
| | Hon. Patricia A. Delaney, J. |
| THE ADOPTION OF S.T.M. | Hon. Craig R. Baldwin, J. |
| | |
| | Case No. 2022 AP 09 0028 |
| | |
| | O P I N I O N |

CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common
Pleas, Probate Division, Case No.  2022
AD 03404

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    January 9, 2023

APPEARANCES:

For Appellant Krystal Larrison                For Appellees Ryan and Stacy McQuiston

LISA L. CALDWELL                              JAMES J. ONG
203 2nd Street NE                             201 North Main Street
New Philadelphia, Ohio  44663                 P. O. Box 272
                                              Uhrichsville, Ohio  44683

*Wise, P. J.*

{¶1} Appellant-Mother Krystal Larrison appeals the decision of the Tuscarawas County Court of Common Pleas, Probate Division, which granted Appellees Ryan and Stacy McQuiston's petition for adoption and change of name of S.T.M.

{¶2} This appeal is expedited and is being considered pursuant to App.R.11.2(C).

## STATEMENT OF THE FACTS AND CASE

{¶3} The relevant facts leading to this appeal are as follows:

{¶4} Krystal Larrison is the biological mother of minor child S.T.M. (d.o.b. 11/14/2015). The child's biological father is Ryan McQuiston, who has sole legal custody of S.T.M.

{¶5} On September 22, 2017, Appellee Ryan McQuiston was awarded sole custody of S.T.M. through an action before the Guernsey County Juvenile Court before the minor child turned the age of two, due in part to the drug issues of Appellant Krystal Larrison. Appellant Krystal Larrison did not appear at the custody hearing and was not granted any companionship time with the minor child at the time sole custody was awarded to Appellee Ryan McQuiston.

{¶6} To date, Appellant Krystal Larrison has not sought any type of companionship rights with the minor child through any court, including the Guernsey County Juvenile Court.

{¶7} Appellee Ryan McQuiston has permitted the parents of Appellant Krystal Larrison to have ongoing contact with the minor child, however, he advised them to not allow Appellant Krystal Larrison to have any contact with the minor child due to the order

of the Guernsey County Juvenile Court. Since the custody order through the Guernsey Juvenile Court, Appellant Krystal Larrison only had one limited contact with the minor child, approximately two years before the adoption petition filling, when she stopped at the residence of Appellee Ryan McQuiston to inquire about the minor child.

{¶8} On June 8, 2022, Appellee Ryan McQuiston and his wife Stacy McQuiston filed a petition for adoption of S.T.M. in the Tuscarawas County Probate Court. Appellees alleged in their petition that the consent of Appellant was not required for the adoption because Appellant had failed without justifiable cause to have more than *de-minimis* contact with the child in the year leading up to the filing of the petition.

{¶9} On August 25, 2022, the Tuscarawas County Probate Court held a hearing on that petition.

{¶10} The evidence at the hearing established that Appellee Stacy McQuiston is married to the child's father Appellee Ryan McQuiston, and there are two other children in the home. Both Appellees are employed. Appellees permit visitation between the child and the maternal grandparents, and a good relationship exists between them. (T. at 10-11).

{¶11} Appellee Ryan McQuiston testified that Appellant Krystal Larrison had no contact with S.T.M. for at least one year prior to the filing of the adoption petition. (T. at 11). He further testified that Appellant had only one brief interaction with the minor child about a year and a half to two years before the filing of the adoption petition. *Id.*

{¶12} Appellee Stacy McQuiston testified that she has been in S.T.M.'s life since day one, and that he calls her "Mom". (T. at 44). She testified that S.T.M. lives with her, her husband Ryan, and her two other children Rylan and Gage. (T. at 43). She stated

that she helps him with his homework, attends his parent-teacher conferences, and when necessary, picks him up from school. (T. at 45). She stated that S.T.M. played baseball last year, currently plays flag football and is also a clover bud in 4-H. (T. at 46). She testified that she and/or Ryan take S.T.M. to his practices and attend 4-H with him. *Id.* She stated that she also helps him with any projects he has. *Id.* Mrs. McQuiston also testified that she currently carries all of the medical insurance for the family, and that she handles S.T.M.'s doctor's appointments. (T. at 46-47). She testified that Appellant is not involved in any of S.T.M.'s school activities, education, extra-curricular activities or medical care. (T. at 45-46). She further testified that Appellant has never provided any financial support for S.T.M. (T. at 47-48). Additionally, she testified that she was not aware of any contact between Appellant and S.T.M. within the last two years. (T. at 48).

**{¶13}** Appellant was present and meaningfully participated in the hearing. She claimed that the last time she had seen S.T.M. was in December, 2021, at her parent's house, and that she had also seen him the month prior to that, but was unable to provide any further details. (T. at 39-40). Appellant testified that at present she had been employed as a home health aide for about three weeks, but that she had been unemployed for eighteen (18) months prior to that. (T. at 60-61). Appellant admitted that she failed to attend all but one of the hearings with regard to the custody determination of S.T.M., and that she has never sought any companionship or visitation rights with the child. (T. at 35-38, 59-60). She admitted that she has not provided any financial support for the child, nor has she participated in any of his school matters or attended any medical appointments. (T. at 36-37). She further stated that she did not know who the child's teacher was last year, and that she has not attended any extra-curricular activities in

which the child was involved. (T. at 36-37). She admitted that she has not been involved in any activities or decisions with regard to the child, including but not limited to medical, school, or extra-curricular activities. (T. at 13-14).

{¶14} At the conclusion of the hearing on August 25, 2022, the Probate Court granted the petition for adoption, finding, among other things, that Appellant's consent was not required.

{¶15} Appellant timely filed a notice of appeal and herein raises the following Assignments of Error:

## ASSIGNMENTS OF ERROR

{¶16} "I. THE TRIAL COURT'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶17} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO CONTINUE."

### I.

{¶18} In her first assignment of error, Appellant argues that the trial court decision was against the manifest weight of the evidence. We disagree.

{¶19} Appellant argues that the trial court erred in determining that she failed without justifiable cause to provide more than *de minimis* contact with the child for one year prior to the filing of the step-parent adoption petition based on a violation of R.C. 3109.051(G)(1). We disagree.

{¶20} R.C. §3107.07 governs when consent to adoption is not required. Subsection (A) states consent is not required when:

{¶21} "A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

{¶22} The right of a natural parent to the care and custody of his or her children is one of the most fundamental in law. This fundamental liberty interest of natural parents in the care, custody and management of their children is not easily extinguished. *Santosky v. Kramer* (1982), 455 U.S. 745, 753-754. Adoption terminates those fundamental rights. R.C. 3107.15(A)(1). Any exception to the requirement of parental consent must be strictly construed so as to protect the right of the natural parents to raise and nurture their children. *In Re: Adoption of Schoeppner* (1976), 46 Ohio St.2d. 21, 345 N.E.2d 608.

{¶23} The petitioner for adoption has the burden of proving by clear and convincing evidence that the natural parent has failed to provide support or maintain more than *de minimis* contact with the child for at least a one-year period prior to the filing of the petition, and also must prove the failure was without justifiable cause. *In Re: Adoption of Bovett* (1987), 33 Ohio St.3d 102, 515 N.E.2d 919. If the petitioner meets his burden of proof, then the natural parent has the burden of going forward with evidence to show some justifiable cause for his or her failure to support or contact the child. However, the burden of proof never shifts from the petitioner. *Id.*

**{¶24}** In *Cross v. Ledford* (1954), 161 Ohio St. 469, 120 N.E.2d 118, the Ohio Supreme Court explained that clear and convincing evidence is more than a preponderance of the evidence but does not rise to the level of beyond a reasonable doubt as required in criminal cases. It must produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. *Cross,* syllabus by the court, paragraph three.

**{¶25}** An appellate court will not disturb a trial court's decision on adoption unless it is against the manifest weight of the evidence. *In re Adoption of Masa* (1986), 23 Ohio St.3d 163. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 1993-Ohio-9.

**{¶26}** Justifiable cause has been found to exist if the custodial parent significantly interferes with or discourages communication between the natural parent and the child. *In Re: Adoption of: Holcomb* (1985), 18 Ohio St.3d 361, 481 N.E.2d 613. A probate court may examine any preceding events that may have a bearing on the parent's failure to communicate with the child, and the court is not restricted to focusing solely on events occurring during the statutory one-year period. *In re: Adoption of Lauck* (1992), 82 Ohio App.3d 348, 612 N.E.2d 459.

**{¶27}** The trial court, as the trier of fact here, determines the weight and credibility of the evidence. *Seasons Coal Company, Inc. v. City of Cleveland* (1984), 10 Ohio St.3d

77, 461 N.E.2d 1273. We may not substitute our judgment for that of the trier of fact. *Pons v. Ohio State Medical Board* (1993), 66 Ohio St.3d 619, 614 N.E.2d 748.

**{¶28}** In its Opinion and Judgment Entry, the trial court found that Appellant "failed without justifiable cause to provide more than de minimus contact with the minor for a period of at least one year immediately preceding the filing of the adoption petition ..."

**{¶29}** Appellant maintains that her consent to the adoption was required because she did have contact with the child within the one year immediately preceding the filing of the petition.

**{¶30}** With regard to the contact that Appellant claims she did have with the minor child, we find that the trial court could find that any such encounter, if believed, was *de minimus*. We further find that Appellant failed to put forth any evidence of any meaningful contact with the child or any justifiable cause for her failure to have same. She admitted that in the five years since Appellee was granted sole custody of S.T.M., she has never made any attempts to gain visitation or companionship rights through any legal means.

**{¶31}** We find, based on the record before us, the trial court could conclude Appellant had failed to maintain more than *de minimis* contact with S.T.M. for a period of at least one year immediately preceding the filing of the petition, and such failure was unjustified. We therefore do not find that the trial court erred in determining that Appellant's consent to S.T.M.'s adoption was not required.

**{¶32}** Appellant's first assignment of error is overruled.

**II.**

**{¶33}** In her second assignment of error, Appellant argues the trial court erred and abused its discretion in denying her motion to continue. We disagree.

**{¶34}** The granting of a continuance rests in the trial court's sound discretion. *State v. Harden*, 5th Dist. Fairfield No. 02CA27, 2002-Ohio-4673, ¶ 8, citing *State v. Unger*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Id.,* citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶35}** Appellant chose to represent herself at the hearing on the petition for adoption and when asked to present any witnesses she may have, she informed the court that she had none on that day. (T. at 54). She then requested a continuance, which was denied. Id.

**{¶36}** Upon review, we find that Appellant was served with notice of the hearing, by certified mail, two months prior to the hearing. She therefore had ample time to procure any witnesses she may have wished to call. She also had time to retain or consult with legal counsel.

**{¶37}** We therefore find the trial court did not abuse its discretion in denying Appellant's motion for a continuance.

**{¶38}** Appellant's second assignment of error is overruled.

**{¶39}** For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, Tuscarawas County, Ohio, is hereby affirmed.

By: Wise,  P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/kw 0104