[Cite as *In re the Adoption of A.M.G.*, 2015-Ohio-4811.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE ADOPTION OF:<br><br>A.M.G. | )<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 15 CO 5<br><br><br>OPINION |

CHARACTER OF PROCEEDINGS:      Civil Appeal from the Court of Common
Pleas, Probate Division, of Columbiana
County, Ohio
Case No. 14 AD 15

JUDGMENT:      Affirmed.

APPEARANCES:

For Antonio Tillison:      Atty. Virginia Barborak
120 S. Market St.
Lisbon, Ohio 44432

For Daniel Antonio Garcia:      Atty. Robert W. Price
Richard G. Zellers & Associates, Inc.
3810 Starrs Centre Dr.
Canfield, Ohio 44406

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: November 19, 2015

WAITE, J.

{¶1} Appellant Antonio Tillison appeals the judgment of the Columbiana County Court of Common Pleas, Probate Division, granting adoption of Appellant's natural child A.M.G. to the child's step-father, Appellee Daniel Antonio Garcia (Daniel). The court found that there was no justification for Appellant's failure to have contact with the child in the twelve months preceding the adoption, and therefore, his consent was not necessary for the adoption. Appellant contends that his consent was necessary because he was prevented from having contact with the child by the child's mother, Appellee Rachel Garcia (Rachel), and also by Daniel. The record does not support Appellant's argument. Even assuming Appellant was prevented from having contact with the child, he cannot prevail in this appeal because the trial court also found that he failed to provide financial or other means of support for the child. Under R.C. 3107.07(A), failure to provide for the maintenance and support of the child is an alternative reason for the court to find that a parent's consent is not necessary for an adoption. Since Appellant is not challenging the court's determination that he failed to provide maintenance and support, he cannot prevail on appeal. Therefore, the judgment of the trial court is affirmed.

## Case History

{¶2} On September 30, 2014, Daniel filed a Petition for Adoption of Minor in the Columbiana County Court of Common Pleas, Probate Division. The purpose of the petition was to adopt his stepdaughter, A.M.G., a minor. Daniel was married to and living with the child's mother, Rachel, at the time. The petition noted that Appellant's consent as father of A.M.G. was not required due to his failure to provide

more than *de minimis* contact with the child and due to his failure to provide maintenance and support for the child. Attached to the petition was Rachel's consent to the adoption. Appellant filed objections to the adoption petition on October 30, 2014. Final hearing was held on January 22, 2015. All three parties appeared at the hearing with counsel.

{¶3} The court issued its judgment on January 30, 2015. The court found that Appellant, although gainfully employed at times in the four years prior to the filing of the adoption petition, failed to provide financial or other support for the child and had no justification for failing to provide support. The court also found that there was no justification for Appellant's failure to have any contact with the child in the year prior to the filing of the adoption petition. The court noted that Appellant had never demanded nor requested companionship or contact with the child, and that the child's mother had never expressly refused to allow him to have contact with the child. The court determined that Appellant's consent was not needed for the adoption, and that it was in the best interests of the child to grant the adoption. This timely appeal followed. The court's decision finding that a parent's consent is not necessary to the granting of an adoption petition is a final appealable order. *In re Adoption of Greer*, 70 Ohio St.3d 293, 638 N.E.2d 999 (1994), paragraph one of the syllabus;

<u>ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED

ITS DISCRETION WHEN IT FAILED TO FIND JUSTIFIABLE CAUSE

FOR THE FATHER'S FAILURE TO COMMUNICATE WITH THE MINOR CHILD.

**{¶4}** Appellant argues that he is not precluded from preventing the adoption because his failure to communicate with the child prior to the filing of the adoption petition was justified. Appellant acknowledges that R.C. 3107.07(A) allows an adoption to proceed without the consent of a parent who has failed, without justifiable cause, to have more than *de minimis* contact with his or her child for the year preceding the filing of the adoption petition. According to Appellant, he had justifiable cause because he believes the child's mother prevented him from having contact with the child. The record does not support Appellant's argument.

**{¶5}** R.C. 3107.07(A) states:

Consent to adoption is not required of any of the following:

(A) A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence *that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor* as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner. (Emphasis added.)

**{¶6}** The consent provision of the adoption statute must be strictly construed so as to protect the natural parent's right to raise and nurture his or her child. *In re Adoption of Schoeppner*, 46 Ohio St.2d 21, 24, 345 N.E.2d 608 (1976).

**{¶7}** Pursuant to R.C. 3107.07(A), the petitioning party has the burden to prove, by clear and convincing evidence, that the nonconsenting parent failed to provide more than *de minimis* contact for the requisite time period and that there was no justification for this failure. *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 368, 481 N.E.2d 613 (1985), *overruled on other grounds by statute*. Once the petitioner shows that the natural parent has not had contact with the child, the burden of going forward with the evidence shifts to the natural parent to show some facially justifiable cause for such failure. *In re Adoption of Bovett*, 33 Ohio St.3d 102, 104, 515 N.E.2d 919 (1987). The burden of proof, though, continues to rest with the petitioner. *Id.* The trial court then weighs all the evidence pertaining to the lack of contact and determines whether there is clear and convincing proof establishing lack of contact and lack of justifiable cause. *In re Adoption of Lauck*, 82 Ohio App.3d 348, 353, 612 N.E.2d 459 (9th Dist.1992).

**{¶8}** Justifiable cause for the failure to maintain contact with the child has been found to exist if the custodial parent significantly interferes with or discourages contact and communication between the natural parent and the child. *Holcomb* at 367-368. The trial court's decision regarding justifiable cause will not be disturbed unless it is against the manifest weight of the evidence. *In re Adoption of Bovett*, *supra*, paragraph four of the syllabus.

**{¶9}** Before proceeding to Appellant's argument, it is clear that Appellant cannot prevail on appeal due to his failure to challenge all the aspects of the trial court's judgment. R.C. 3107.07(A) grants the probate court two options for finding that a natural parent's consent is not needed for an adoption petition to be granted. The first is failure of the parent to maintain more than *de minimis* contact with the child. The second is failure of the parent to provide maintenance and support. These options are presented as alternative rationales for finding that the parent's consent is not necessary: "According to the statute, either a lack of contact or a lack of support can relieve the petitioner from having to obtain the parent's consent." *In re J.D.T.*, 7th Dist. No. 11 HA 10, 2012-Ohio-4537, ¶10; *see also*, *In re Adoption of T.R.S.*, 7th Dist. No. 13 BE 43, 2014-Ohio-3808. Rachel testified that, prior to Christmas of 2014, the child had not received any money, cards, or gifts from Appellant since Rachel ended her relationship with him in 2009. (Tr., p. 54.) Appellant agreed, and admitted this was true in his own testimony. (Tr., p. 127.) The record fully supports that Appellant did not provide maintenance and support, and Appellant does not appeal this evidence or the court's conclusion. As we have previously concluded: "Since Appellant does not challenge the court's finding that he failed to provide maintenance and support and the record supports the court's finding, Appellant cannot prevail on appeal." *Id.* at ¶13.

**{¶10}** Even if there existed a possible basis for granting Appellant relief on appeal, the record does not support Appellant's argument. Appellant admitted at the adoption hearing that he had not communicated with or supported the child from

sometime in 2010 until Christmas of 2014. (Tr., p. 127.) His reasons for not communicating with the child varied. He first stated that he did not feel welcome due to arguments he had with Rachel while they were together. (Tr., p. 102.) Then he stated that he did not visit the child because Rachel told him he was unsuitable for a visitation with the child. (Tr., p. 103.) He also stated that he was reluctant to ask to see the child because he had been rejected so many times. (Tr., p. 106.) He was vague about how many times he actually asked to see the child, and admitted that he had never made any specific arrangement to visit. (Tr., p. 105.)

**{¶11}** Appellant submitted a document purportedly containing a message he received from Rachel on July 6, 2010, sent through the social media website "Facebook," in which Rachel appears to respond to a text message request for visitation. The message or text that provoked the response from Rachel was not submitted as evidence. Rachel was unwilling to set up a meeting based on a random text message request, although she was not entirely against such a meeting in the future. The message did contain some insults directed toward Appellant.

**{¶12}** Appellant also produced a document purportedly containing a series of text messages between himself and Rachel from January 14, 2012. In the document it is not clear who is sending or receiving the messages, and much of the conversation or exchanges between the parties appears to be missing. In the text messages, Appellant supposedly asked Rachel to relay a birthday greeting to the child, and Rachel replied that she probably would not relay this message. (Tr., Exh.

B.) There are insulting comments directed toward Appellant throughout the document.

**{¶13}** Appellant's testimony and these two documents comprise all of the evidence presented in Appellant's favor regarding the justification for failure to communicate with the child.

**{¶14}** Rachel testified that Appellant had not seen the child since 2010. She testified that she made arrangements for Appellant to see the child in 2009, but that he did not show up or give any explanation for his failure to keep to the appointment. (Tr., p. 50.) She testified that she did not recall that Appellant made any requests to see the child since 2010. She stated that she encourages the child to maintain a relationship with Appellant's parents. She denied refusing to allow Appellant to visit the child based on any anger toward him. She stated that, other than a conversation on January 6, 2010, Appellant did not ask to see the child. (Tr., p. 68.) She stated that if Appellant had presented himself at the child's birthday party in 2012, she would have allowed him to attend.

**{¶15}** Based on the evidence in the record, there is no basis to overturn the trial court's decision regarding the lack of justification for Appellant's failure to have more than *de minimis* contact with the child. The record indicates that Appellant made no attempt, or almost no attempt, to communicate with the child after 2010, and that Rachel was willing for communication or even visitation to take place. It is apparent that Appellant took no legal action to obtain visitation and he presents no explanation or justification for this failure, either. The written documents that

Appellant produced were confusing, incomplete and inconclusive. The documents contain no evidence that Appellant was prevented from attempting to communicate with or visit the child. In fact, both documents show some willingness on Rachel's part to allow communication, just not on the terms presented by Appellant. The trial court was in the best position to weigh the parties' testimony, and the court did not believe Appellant. The manifest weight of the evidence supports the trial court judgment, and Appellant's assignment of error is overruled.

## Conclusion

**{¶16}** Appellant has challenged the probate court's ruling that his consent was not required for the adoption of A.M.G. to proceed. Appellant is objecting to only one part of the court's ruling: namely, that he failed to have more than *de minimis* contact with the child in the year prior to the filing of the adoption petition. Since Appellant is not challenging the alternative basis for the court's judgment, that Appellant also failed to provide maintenance and support for the child, Appellant cannot prevail on appeal. In addition, the record fully supports the trial court's conclusion as to Appellant's failure to contact the child. Appellant admitted that he did not communicate with the child, and the weight of the evidence shows that the child's mother did not prevent communication. Appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.