[Cite as *In re Adoption of N.T.R.*, 2016-Ohio-3427.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re Adoption of: | : | **No. 15AP-955** |
| N.T.R., | : | (Prob. No. 567460) |
| [R.B.R., | : | (ACCELERATED CALENDAR) |
| Appellant]. | : | |

---

D E C I S I O N

Rendered on June 14, 2016

---

**On brief:** *David W. Poston*, for appellee.

**On brief:** *R.B.R.*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas,
Probate Division

KLATT, J.

{¶ 1} Appellant, R.B.R., the natural father of N.T.R. ("N.R."), appeals from a judgment of the Franklin County Court of Common Pleas, Probate Division, finding that his consent was not required for his child to be adopted. For the following reasons, we reverse that judgment.

## I. Factual and Procedural Background

{¶ 2} Appellant and M.D. were married in 2007 and had a child, N.R., in 2008. They divorced in 2013 and M.D. was awarded sole custody of N.R. Also, in 2013, M.D. married the petitioner, K.D. Since that time, M.D., K.D., and N.R. have all lived together. Appellant is currently serving a prison sentence of 70 years to life, after being convicted of multiple counts of sexual abuse of his stepdaughter. *State v. Roush*, 10th Dist. No. 12AP-201, 2013-Ohio-3162.

{¶ 3}   On July 11, 2014, K.D., filed a petition to adopt N.R.  M.D. consented to the adoption.  K.D. alleged in the petition that appellant's consent to the adoption was not required because, for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner, appellant failed without justifiable cause to provide: (1) more than de minimis contact with the minor, and (2) for the maintenance and support of the minor as required by law or judicial decree.  R.C. 3107.07(A).

{¶ 4}   A magistrate held a hearing to determine whether appellant's consent was required to proceed with the adoption.  Appellant appeared at that hearing via telephone. After the hearing, the magistrate held that appellant's consent was not required for both of the reasons alleged in the petition.  Appellant filed objections to that decision but did not file a transcript of the hearing.  The probate court overruled those objections and adopted the magistrate's decision, concluding that after its independent review of the matter, the evidence was "incontrovertible" that appellant, without justifiable cause, failed to provide for the maintenance and support of his child for the year preceding the filing of the petition.  The probate court did not determine whether appellant failed without justifiable cause to provide more than de minimis contact with his child.

## II. The Appeal

{¶ 5}   Appellant appeals the decision that his consent to the adoption of his child is not required.[1]  He assigns the following errors:

> [1.] The court's decision stated that Mr. Roush had no justifiable reason for not supporting his son for the one year before the filing of the adoption petition.
>
> [2.] The court's decision that Mr. Roush had no justifiable reason for not having contact with his son for the one year before the filing of the adoption has no merit.
>
> [3.] The lower court was prejudice[d] against Mr. Roush due to him currently being incarcerated.
>
> [4.] The court's decision violates many of Mr. Roush's Constitutional Rights protected by the Bill of Rights.

---

[1] A trial court's finding pursuant to R.C. 3107.07 that the consent to an adoption of a party described in R.C. 3107.06 is not required is a final appealable order.  *In re Adoption of Greer*, 70 Ohio St.3d 293, 298 (1994); *In re A.M.G.*, 7th Dist. No. 15 CO 5, 2015-Ohio-4811, ¶ 3.

[5.] Mr. Roush challenges the decision of the Probate court citing that the decision was against the manifest weight of the evidence.

[6.] The trail court erroed [sic] in its decision finding that appellant's consent was not required for adoption because its decision was not based on clear and convincing evidence.

## A. Appellant's Failure to File a Transcript

{¶ 6} Initially, we address the impact of appellant's failure to file a transcript in support of his objections to the magistrate's decision.

{¶ 7} Civ.R. 53(D)(3)(b)(iii) requires an objecting party to support any objections to factual findings of a magistrate with a transcript of the proceedings before the magistrate or an affidavit of the evidence. Appellant did neither. If the objecting party fails to submit a transcript or affidavit, the trial court must accept the magistrate's factual findings and limit its review to the magistrate's legal conclusions. *Wallace v. Grafton Corr. Inst.*, 10th Dist. No. 11AP-304, 2011-Ohio-5661, ¶ 4-5. In an appeal from a judgment rendered without a transcript, this court only considers whether the trial court correctly applied the law to the magistrate's factual findings. *Id.,* citing *Gill v. Grafton Corr. Inst.*, 10th Dist. No. 10AP-1094, 2011-Ohio-4251, ¶ 21.

## B. Parental Consent to an Adoption

{¶ 8} Because N.R. was born while appellant and M.D. were married, appellant's consent to the adoption ordinarily would be required pursuant to R.C. 3107.06(B)(1). However, R.C. 3107.07 sets forth situations when that consent is not required. Here, it was alleged that appellant's consent was not required pursuant to R.C. 3107.07(A). This statute provides that such consent is not necessary if the court finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner. The magistrate factually found that appellant failed under both of these circumstances and, therefore, concluded that his consent was not required.

{¶ 9} After its independent review, the probate court found no error in the magistrate's decision and concluded that appellant's consent to his child's adoption was not required. The court, however, came to that conclusion based solely upon its determination that appellant failed, without justifiable cause, to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition.

{¶ 10} Because some of appellant's assignments of error are interrelated, we address them in categories.

### C. First, Fifth, and Sixth Assignments of Error—Was Father's Consent to Adoption Necessary?

{¶ 11} These assignments of error each address the probate court's finding that pursuant to R.C. 3107.07, appellant's consent to the adoption was not required because he failed without justifiable cause to provide for the maintenance and support of N.R. as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition.

{¶ 12} Initially, we note the well-established law that the right to parent one's children is a fundamental right. *Troxel v. Granville*, 530 U.S. 57 (2000); *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, ¶ 28. Parents have a "fundamental liberty interest" in the care, custody, and management of their child. *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). In recognition of the significance of that fundamental interest, the Supreme Court of Ohio has described the permanent termination of parental rights as "the family law equivalent of the death penalty in a criminal case." *In re Hayes*, 79 Ohio St.3d 46, 48 (1997). Therefore, parents "must be afforded every procedural and substantive protection the law allows." *Id.* In regard to the permanent termination of parental rights specific to the context of adoptions, as a general rule, the biological parent must consent and may withhold consent to adoption. R.C. 3107.06. The consent provisions of R.C. 3107.07(A) are to be strictly construed to protect the interests of the non-consenting parent. *In re Adoption of Sunderhaus*, 63 Ohio St.3d 127 (1992); *see also In re Adoption of G.V.*, 126 Ohio St.3d 249, 2010-Ohio-3349, ¶ 6 (stating "[b]ecause adoption terminates fundamental rights of the natural parents, * * * [a]ny exception to the requirement of

parental consent [to adoption] must be strictly construed so as to protect the right of natural parents to raise and nurture their children").

{¶ 13} The Supreme Court of Ohio has articulated a two-step analysis for probate courts to employ when applying R.C. 3107.07(A). *In re Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, ¶ 23. The first step involves the factual question of whether the petitioner has proved by clear and convincing evidence that the parent willfully failed to have more than de minimis contact with the minor child and failed to provide maintenance and support. *Id.* at ¶ 21; R.C. 3107.07(A). "A trial court has discretion to make these determinations, and in connection with the first step of the analysis, an appellate court applies an abuse-of-discretion standard when reviewing a probate court decision." *In re M.B.* at ¶ 25. If a probate court finds a failure to have more than de minimis contact or to provide the required maintenance and support, the court proceeds to the second step and determines whether there is justifiable cause for the failure. *Id.* at ¶ 23. A probate court's decision on whether justifiable cause exists will not be disturbed on appeal unless the determination is against the manifest weight of the evidence. *Id.* at ¶ 24; *In re Adoption of Masa*, 23 Ohio St.3d 163 (1986), paragraph two of the syllabus.

{¶ 14} As it relates to the support finding, the magistrate factually found that appellant had not provided any financial support for N.R. since 2010. Indeed, appellant admitted this fact. The magistrate also found that appellant was ordered to pay zero in child support as part of the parties' divorce decree. M.D. did not request child support because she wanted to sever all ties with appellant. The probate court, accepting these findings of fact, concluded that appellant, without justifiable cause, failed to provide for the maintenance and support of N.R. as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition. The trial court erred when it found the absence of justifiable cause.

{¶ 15} Based upon recent case authority from this court, we conclude that the probate court incorrectly applied the law to the magistrate's factual findings and, therefore, its decision is against the manifest weight of the evidence.

{¶ 16} This court held in *In re K.A.H.,* 10th Dist. No. 14AP-831, 2015-Ohio-1971, that a zero support order is a justifiable cause for a parent not to provide support, thereby negating the exception to the consent requirement contained in R.C. 3107.07(A). *Id.* at

¶ 23. Other Ohio appellate courts are in agreement. *Id.* at ¶ 20-21 (citing other courts); *In re A.N.W.*, 7th Dist. No. 15 BE 0071, 2016-Ohio-463, ¶ 25-31 (citing other Ohio appellate cases to support its conclusion that a zero support order constitutes justifiable cause for failure to provide support). This court acknowledged that a biological parent does have a common law duty to support his or her child. *In re K.A.H.* at ¶ 17. That obligation, however, is incorporated into the domestic relations child support order when the parties are divorced. That order is an applicable judicial order for purposes of consent under R.C. 3107.07, thus giving appellant justifiable cause for his failure to provide for the maintenance and support of N.R. *In re K.A.H.* at ¶ 19; *In re A.N.W.* at ¶ 27-29.

{¶ 17} The magistrate factually found that appellant had a zero support order as part of the parties' divorce decree. That order provides justifiable cause for his failure to provide support for his child. The probate court's decision finding no justifiable cause was, therefore, against the manifest weight of the evidence. Accordingly, we sustain appellant's first, fifth, and sixth assignments of error to the extent that they address the probate court's conclusion that he failed to provide maintenance and support to N.R. without justifiable cause.

### D. Third and Fourth Assignments of Error—Bias

{¶ 18} In these assignments of error, appellant argues that the probate court was biased against him because he is in prison, thereby violating his constitutional rights. We disagree.

{¶ 19} We have previously held that "[a] judge is presumed not to be biased or prejudiced, and a party alleging bias or prejudice must present evidence to overcome the presumption." *Wardeh v. Altabchi*, 158 Ohio App.3d 325, 2004-Ohio-4423, ¶ 20 (10th Dist.), citing *In re Disqualification of Kilpatrick*, 47 Ohio St.3d 605, 606 (1989). " 'The existence of prejudice or bias against a party is a matter that is particularly within the knowledge and reflection of each individual judge and is difficult to question unless the judge specifically verbalizes personal bias or prejudice toward a party.' " *Wardeh*, quoting *Eller v. Wendy's Internatl., Inc.*, 142 Ohio App.3d 321, 340 (10th Dist.2000). Appellant identifies no evidence of bias or prejudice in the record but, instead, argues that the probate court was biased against him by ruling against him because he was in prison and because the probate court thought he was guilty of the underlying criminal convictions. A

bare allegation of bias does not state a claim for a violation of due process. *Ramsey v. Ramsey*, 10th Dist. No. 13AP-840, 2014-Ohio-1921, ¶ 72. A judge's rulings of law are legal issues, subject to appeal, and are not by themselves evidence of bias or prejudice. *Cooke v. United Dairy Farmers, Inc.*, 10th Dist. No. 05AP-1307, 2006-Ohio-4365, ¶ 46. Additionally, mere disagreement with the result is not proof of bias or prejudice against the dissatisfied party. *Stanley v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 12AP-999, 2013-Ohio-5140, ¶ 96; *Ramsey* at ¶ 76. We see nothing in the record or in the probate court's decision to indicate bias in this case due to appellant's incarceration. Accordingly, we overrule appellant's third and fourth assignments of error.

### E. Appellant's Second Assignment of Error

{¶ 20} Appellant alleges in his second assignment of error that the probate court erred when it held that there was no justifiable cause for appellant's failure to have contact with N.R. for the one year before the filing of the adoption petition. This assignment of error is based on a mistaken premise. The probate court did not address this issue in its decision. Appellant did raise this issue in his objections to the magistrate's decision. As noted in the conclusion of this decision, this issue will be addressed by the probate court on remand. Therefore, we overrule appellant's second assignment of error.

## III. Conclusion

{¶ 21} For these reasons, we reverse the judgment of the Franklin County Court of Common Pleas, Probate Division, and remand the matter for the Probate Court to determine whether there is justifiable cause for appellant's failure to provide more than de minimus contact with N.R. for the period of time set forth in R.C. 3107.07(A).

*Judgment reversed; cause remanded with instructions.*

BROWN and BRUNNER, JJ., concur.

————————