[Cite as *In re C.P.*, 2025-Ohio-5237.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of: | : | |
| | | No. 25AP-423 |
| [C.P., | : | (C.P.C. No. 24JU-12436) |
| T.P., Mother, | : | (ACCELERATED CALENDAR) |
| Appellant]. | : | |

---

D E C I S I O N

Rendered on November 20, 2025

---

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Paula M. Sawyers*, for appellee State of Ohio. **Argued:** *Seth L. Gilbert*.

**On brief:** *T.P.*, pro se. **Argued:** *T.P.*

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations and Juvenile Branch

DORRIAN, J.

{¶ 1} Appellant, T.P. ("Mother"), appeals pro se from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, dismissing her objection to a magistrate's decision finding her child, C.P., to be a dependent minor and granting temporary custody of C.P. to appellee, Franklin County Children Services ("FCCS"). For the reasons that follow, we affirm.

**I. Facts and Procedural History**

{¶ 2} FCCS filed a complaint on December 20, 2024, asserting C.P. was a neglected and dependent child based on Mother's mental health issues, reports of domestic violence by C.P.'s father ("Father") against Mother, and a reported incident where Mother and Father overdosed on drugs outside a store while C.P. was present. A magistrate granted temporary custody of C.P. to FCCS, concluding that reasonable efforts had been made to

prevent removal from the home and providing for supervised visitation with Mother and Father. The trial court appointed a guardian ad litem for C.P. and appointed Alex Pomerants as guardian ad litem for Mother.

{¶ 3} A hearing was scheduled for February 6, 2025, but was continued until March 20, 2025, for service to be perfected on Father. C.P.'s guardian ad litem filed a report recommending that temporary custody be granted to FCCS with supervised visitation for Mother. No transcript of the March 20, 2025 hearing has been filed; therefore, we are limited to the description of the proceedings as set forth in the magistrate's subsequent decision. Mother was present at the hearing. At the hearing, FCCS requested that the complaint be amended and that the cause of action for neglect be dismissed. The magistrate granted both of those requests. The magistrate took informal testimony on an uncontested basis. Following the hearing, the magistrate issued a decision finding that C.P. was a dependent child, that continuation in the home would be contrary to his welfare, and that reasonable efforts had been made to prevent or eliminate the need for removal of C.P. from the home. The magistrate granted temporary court custody of C.P. to FCCS.

{¶ 4} Mother filed an objection to the magistrate's decision, arguing FCCS had not made reasonable efforts to prevent the removal of C.P. from the home. Mother appeared to assert that FCCS had not provided information to her and had not been responsive to her requests for information. Mother did not provide a transcript of the March 20, 2025 hearing in support of her objection.

{¶ 5} The trial court concluded that Mother's objection was timely filed but found that she failed to support her objection with a transcript of the evidence submitted to the magistrate or an affidavit of evidence, as required by the procedural rules. The court dismissed Mother's objection without prejudice for failure to file a transcript.

## II. Assignment of Error

{¶ 6} Mother's pro se appellate brief contains a section captioned "assignment of error"[1] in which she alleges there were false statements in the complaint and that her guardian ad litem failed to comply with the requirements of Sup.R. 48.03.

---

[1] In a section of her brief captioned "issue presented," Mother also raised the following legal issue: "In granting a decision to dependency without prior mental assessment, the court erred as a matter of law and abused its discretion. Due to never having a proper mental assessment with Alex Pom[e]rants." (Appellant's Brief at 5.)

## III. Discussion

{¶ 7}　The trial court dismissed Mother's objection to the magistrate's decision because she failed to file a transcript or affidavit of the evidence to support her objection. An objection to a magistrate's factual finding must be supported by a transcript of the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. Civ.R. 53(D)(3)(b)(iii); Juv.R. 40(D)(3)(b)(iii); *see In re Adoption of N.T.R.*, 2016-Ohio-3427, ¶ 7 (10th Dist.) ("Civ.R. 53(D)(3)(b)(iii) requires an

---

App.R. 16 requires that an appellant shall include in its brief "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected" and "[a] statement of the issues presented for review, with references to the assignments of error to which each issue relates." App.R. 16(A)(3) and (4). Mother did not explain, and we are unable to discern, how her issue presented references the assignment of error she alleged.

Pursuant to App.R. 12(A)(1)(b), appellate courts must "[d]etermine [an] appeal on its merits on the assignments of error set forth in the briefs under App.R. 16." " 'Thus, this court rules on assignments of error only, and will not address mere arguments.' " *State v. Botts*, 2013-Ohio-4051, ¶ 9 (10th Dist.), quoting *Ellinger v. Ho*, 2010-Ohio-553, ¶ 70 (10th Dist.). Therefore, we address above only the allegations Mother addresses in the section of her brief captioned "assignment of error." Nevertheless, here we briefly address Mother's issue presented.

Under Juv.R. 40(D)(3)(b)(iv) and Civ.R. 53(D)(3)(b)(iv), except for a claim of plain error, a party may not assign as error on appeal the trial court's adoption of any factual finding or legal conclusion made by a magistrate unless the party objected to that finding or conclusion as required by the rules. Even if Mother's objection to the magistrate's decision had not been dismissed for lack of a transcript, she did not object to the magistrate's dependency finding based on the lack of a mental health assessment. Therefore, Mother waived all but plain error as to that issue. In civil cases, appellate courts apply the doctrine of plain error with the utmost caution and will find plain error only in the extremely rare case involving exceptional circumstances in which an error seriously affects the basic fairness, integrity, or public reputation of the judicial process. *Mangan v. Morocho & Garcia Constr., L.L.C.*, 2024-Ohio-2241, ¶ 32 (10th Dist.).

The amended complaint alleged that C.P. was a dependent child under R.C. 2151.04(C)—i.e., a child whose condition or environment is such as to warrant the state assuming guardianship of the child. A finding of dependency under R.C. 2151.04(C) focuses on whether a child is receiving proper care and support. *In re A.M.*, 2025-Ohio-4435, ¶ 49 (10th Dist.). A parent's mental health may be relevant to determining whether a child is receiving proper care and support. *See, e.g.*, *In re G.T.*, 2022-Ohio-1406, ¶ 56 (8th Dist.); *In re I.H.*, 2020-Ohio-778, ¶ 19 (9th Dist.). However, because R.C. 2151.04(C) focuses on the child's condition or environment, an assessment of a parent's mental health would not necessarily be required for a dependency finding.

A dependency finding under R.C. 2151.04(B), by contrast, involves a finding that a child "lacks adequate parental care by reason of the mental or physical condition of the child's parents, guardian, or custodian." This court has noted the difference between these definitions of dependency in prior decisions. *See In re Malone*, 2003-Ohio-7156, ¶ 23 (10th Dist.) ("This dependency case was brought pursuant to R.C. 2151.04(C), which considers the child's condition and environment, not R.C. 2151.04(B), which considers whether the child lacks adequate parental care by reason of the mental or physical condition of the child's parent."). In the present case, as in *Malone*, the dependency cause of action was brought pursuant to R.C. 2151.04(C), which raised the issue of whether C.P.'s condition and environment warranted FCCS taking over his care, not whether the parents' mental or physical condition prevented adequate parental care. Therefore, making a dependency determination without Mother completing a mental health assessment would not rise to the level of plain error.

objecting party to support any objections to factual findings of a magistrate with a transcript of the proceedings before the magistrate or an affidavit of the evidence."). On appeal, Mother does not challenge the trial court's dismissal of her objection.

{¶ 8} Mother did not raise in her objections before the magistrate the assignment of error she alleges before this court. She also did not file a transcript of the proceedings before the magistrate or before this court. Absent a transcript "we 'must presume the regularity of the proceedings below and affirm the trial court's decision.' " *In re T.R.*, 2025-Ohio-51, ¶ 16 (10th Dist.), quoting *Lee v. Ohio Dept. of Job & Family Servs.*, 2006-Ohio-6658, ¶ 10 (10th Dist.).

{¶ 9} Accordingly, we overrule Mother's assignment of error.

## IV. Conclusion

{¶ 10} For the foregoing reasons, we overrule Mother's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch.

*Judgment affirmed.*

BOGGS and LELAND, JJ., concur.

––––––––––––––